## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER DAVID BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 04-3195-JTM** |
| ) | |
| **JOHN COMPTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to "correct facts in error" in the scheduling order (Doc. 61) and defendants' motion for a protective order (Doc. 58). For the reasons set forth below, both motions shall be denied.


**1. Plaintiff's Motion to Correct Facts**

The scheduling order recites that the information required by Fed. R. Civ. P. 26(a)(1) has been exchanged. (Doc. 56, para. 2(a)). Plaintiff moves to "correct" this recitation, arguing that defendants have not provided their Rule 26(a)(1) disclosures. However, this issue was addressed in the parties' planning report and plaintiff agreed that the *Martinez* report, of which he has a copy, satisfied defendants' initial disclosure requirements. Moreover, the court has reviewed the *Martinez* report and finds that plaintiff has been provided with (1) the names of relevant witnesses, (2) a detailed description of the incident, and (3) numerous exhibits. Under

the circumstances, plaintiff has received information and materials equivalent to the disclosures required under Rule 26(a)(1).[1]   To the extent plaintiff seeks additional information, he shall serve appropriate interrogatories or production requests.   Accordingly, the motion to correct facts shall be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to "correct facts" (Doc. 61) is DENIED.

## 2. Defendants' Motion for a Protective Order

During the parties' planning meeting, plaintiff indicated that he would seek information concerning: (1) "any and all employment disciplinary action against the defendants, spanning from the first date of employment to the present date" and (2) any  "history" concerning defendants' involvement in criminal or civil litigation related to past or current employment. Defendants contend that such requests are overly broad and would include information which has no relevance to this case.   Further the disclosure of such information is inappropriate in the context of a prison setting.[2]

The court agrees that plaintiff's proposed areas of discovery may include requests for

---

[1]   This ruling is limited to the facts in this case.  The issue of whether a *Martinez* report contains information equivalent to the requirements set forth in Rule 26(a)(1) must be determined on a case-by-case basis.

[2]   For example, defendants argue that a corrections officer may have been disciplined for being late to work and such information has no relevance to this lawsuit.

information which is irrelevant to this case.   However, the parameters of a protective order cannot be fashioned from the limited arguments presented by defendants because the controversy is simply too abstract.[3]   Accordingly, the motion for a protective order shall be denied without prejudice and may be renewed after plaintiff has served his interrogatories and production requests   and defendants have answered and/or objected to the specific requests.[4]

     **IT IS THEREFORE ORDERED** that defendants' motion for a protective order **(Doc. 58)** is **DENIED WITHOUT PREJUDICE.**

     Dated at Wichita, Kansas this 29th day of June 2005.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge

---

[3]

     Defendants concede that some of the proposed requests, if made, may be appropriate.  (Doc. 58).  Without specifics, the court is unable to discern which requests are appropriate.

[4]

     Plaintiff may not disagree with defendants' specific objections and court intervention may be unnecessary.