# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER DAVID BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-3195-JTM |
| ) | |
| **JOHN COMPTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

1. Plaintiff's Motion to Compel (Doc. 65);

2. Defendants' Motion for an In Camera Review (Doc. 67-1)

3. Defendants' Motion for a Protective Order (Doc. 67-2); and

4. Plaintiff's Motion for the Appointment of Counsel (Doc. 90).

The court's rulings are set forth below.

### Background

Plaintiff, a prisoner currently housed in the El Dorado Correctional Facility, contends that he was subjected to cruel and unusual punishment and the use of excess force

by prison guards.[1] Highly summarized, plaintiff alleges that he was accused of throwing urine on two guards while being held in a "suicide cell." Because of the incident, plaintiff was moved to a "solitary confinement cell" and then to a "slam cell" after threatening suicide. Plaintiff then requested and was granted permission to see a nurse for "breathing and chest pains." (Complaint, Doc. 1, p. 6).

Plaintiff was placed in a wheel chair and escorted by guards to a medical room where nurse Tompkins examined plaintiff and determined he was suffering from an anxiety attack. Plaintiff alleges that on the trip back to his cell, defendant Foss caused plaintiff to fall out of the wheel chair. Foss, with the assistance of defendant Perry, then beat, choked and "pepper sprayed" plaintiff. (Complaint, Doc. 1, pp. 7-8). Plaintiff also contends that the other defendants failed to conduct a proper investigation and punish Foss and Perry.

As noted above, this matter is before the court on plaintiff's motion for an order compelling discovery. (Doc. 65). Specifically, plaintiff seeks production of:

   1. documents from specifically identified correctional officer training
      courses;

   2. the names and location of individuals likely to have relevant
      information;

   3. photographs of plaintiff taken immediately after the incident;

   4. videotape taken while plaintiff was in the isolation cell;

   5. rules, policies, and protocols for the use of force;

---

[1] The incidents giving rise to this lawsuit occurred at the Hutchinson Correctional Facility.

-2-

      6. rules, policies and protocols concerning the escorting of prisoners;

      7. defendants' history of discipline for use of excessive force;

      8. civil or criminal actions against defendants for "any type of physical contact with another person;" and

      9. any safety manual concerning the use of mace.

In response, defendants seek an in camera review of certain documents and a protective order. (Doc. 67). Specifically, defendants argue that the requested policies and procedures involved security issues for the Hutchinson Correctional Facility and that the court should review and determine which documents should be produced. The court ordered additional briefing on the security issue by both parties. (Status Report and Order, Doc. 79). After considering the parties' supplemental arguments, the court rules as follows.

### Motion for In Camera Review

Defendants' motion for an in camera review (Doc. 67-1) shall be GRANTED because such a review is necessary to evaluate the security concerns raised by defendants.

**IT IS THEREFORE ORDERED** that defendants' motion for an in camera review (Doc. 67-1) is **GRANTED.**

### Motion to Compel and Motion for Protective Order

Plaintiff's motion to compel and defendants' motion for a protective order shall be shall be GRANTED IN PART and DENIED IN PART, as set forth in greater detail below.

Plaintiff seeks to compel the names of persons who might have relevant evidence, arguing that defendants breached their duty of disclosure under Rule 26(1)(1)(A). However, the court rejected this identical argument in a prior order (Doc.64) and the issue will not be revisited. Accordingly, plaintiff's motion to compel the names of persons pursuant to Rule 26(a)(1)(A) shall be DENIED.

Defendants, after reconsideration, have also agreed to produce the following documents to plaintiff:

1. Hutchinson General Orders, No. 10-102 (Special Management of Inmates: Segregation);

2. KDOC Lesson Plan (Suicide Prevention/Intervention);

3. a document on "Positional Asphyxiation"; and

4. Hutchinson Lesson Plan: Basic and Annual First Aid/CPR

Plaintiff does not challenge defendants' assertion that the motion to compel these documents is now moot. Accordingly, plaintiff's motion to compel the four documents is DENIED as MOOT.

Plaintiff's motion for the production of photographs taken immediately after the incident and for the videotape of him in the isolation cell is GRANTED. Defendants shall produce the photographs and video, if not already produced, on or before **October 14, 2005.**

Plaintiff's motion to compel the production of documents related to incidents of excessive force is GRANTED IN PART. Defendants shall produce any claims, grievances,

or allegations of excessive force by defendants Perry and Foss and the discipline, if any, imposed by **October 14, 2005.** The remaining requests concerning excessive force or physical contact are DENIED as unreasonably vague and overly broad.

With respect to the issue of prison security, defendants submit eight exhibits and the affidavit of Williams Cummings, the risk management coordinator for the Kansas Department of Corrections. Mr. Cummings' affidavit sets forth the security threat associated with the disclosure of each exhibit and, after review of the affidavit and exhibits, the court rules as follows:

**A. Exhibit 1**

The first nine pages of exhibit 1 discuss firearms and ammunition. Because such information is not relevant to this case, the court declines to order production of the first nine pages of the exhibit.[2] However, the last two pages of exhibit 1 discuss the use of chemical agents and shall be disclosed to plaintiff.

**B. Exhibit 2**

Exhibit 2 is a training module for firearms. Because information concerning firearms is not relevant to this lawsuit, the court declines to order the production of exhibit 2.

---

[2] Plaintiff conceded during the August 10, 2005 conference that firearm and ammunition information was not relevant to this case.

**C. Exhibit 3**

Exhibit 3 is an outline concerning the application of handcuffs and restraints. The information contained within exhibit 3 contains no information relevant to this lawsuit. Equally important, the information, if disclosed to an inmate, potentially compromises security measures within the correctional facility. Accordingly, the court declines to order production of Exhibit 3.

**D. Exhibit 4**

Exhibit 4 is a training module on chemical agents. The first 18 pages contain general information on (1) the nature of chemical agents used in the prison, (2) when chemical agents should be used, and (3) decontamination procedures. Because the information is relevant to plaintiff's claim that the guards abused him by using pepper spray, the first 18 pages shall be produced. The remaining 8 pages of exhibit 4 contain information concerning the maintenance of gas masks and the effective range of various chemical agents. Because the information lacks relevance and/or potentially compromises security within the prison, the court declines to order production of the remaining pages of exhibit 4.

**E. Exhibit 5**

Exhibit 5 discusses the standards of supervision for various custody levels. The exhibit contains no relevant information to the issues in this lawsuit and the disclosure to an inmate compromises security measures within the prison. Accordingly, the court declines to order production of exhibit 5.

**F. Exhibit 6**

Exhibit 6 discusses the use of physical, electronic and therapeutic restraints. The court declines to order production of this exhibit because the use of such restraints is not an issue in this case.[3] Therefore, the information contained within Exhibit 6 lacks relevance. Additionally, the exhibit's description of procedures for placing restraints on an inmate may compromise prison security.

**G. Exhibit 7**

Exhibit 7 similarly discusses the use of restraints. The court declines to order production of exhibit 7 because the information lacks relevance and may compromise security.

**H. Exhibit 8**

Exhibit 8 contains detailed security measures for the "Segregation Unit" at the Hutchinson Correctional Facility. The information is not relevant to the allegations in this lawsuit. More importantly, the information contains detailed information concerning the operation of the segregation unit that would unquestionably compromise security at the prison. Accordingly, the court declines to order the production of exhibit 8.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 65)** is **GRANTED IN PART**, consistent with the above rulings. With respect to the portions of

---

[3] Plaintiff's claims in this case are based upon allegations that the guards beat him. There is no allegation that the restraints (handcuffs and a belly chain) used by the guards when transporting plaintiff were inappropriate.

-7-

Exhibits 1 and 4 which the court orders disclosed, defendants shall allow plaintiff a minimum of 2 hours to review the documents for the purpose of taking notes. Copies of Exhibits 1 and 4 shall not be provided for plaintiff's retention.

**IT IS FURTHER ORDERED** that defendants' motion for a protective order **(Doc. 67-2)** is **GRANTED IN PART**, consistent with the above rulings.

### Motion for Appointment of Counsel

Plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE. The issues in the case are not complex and, at least at this time, appear to turn on the parties' factual version of events.

**IT IS THEREFORE ORDERED** that plaintiff's motion for the appointment of counsel **(Doc. 90)** is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of October 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge