**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHRISTOPHER DAVID BROWN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JOHN COMPTON, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | Case No. 04-3195-JTM |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion "compelling defendants to comply with court order" and for sanctions. (Doc. 125). For the reasons set forth below, the motion shall be DENIED.

**Background**

The incidents giving rise to this lawsuit occurred while plaintiff was an inmate at the Hutchinson Correctional Facility.[1] Highly summarized, plaintiff alleges that he was accused of throwing urine on two guards while being held in a "suicide cell." Because of the incident, plaintiff was moved to a "solitary confinement cell" and then to a "slam cell" after threatening suicide. Plaintiff then requested and was granted permission to see a nurse for

---

[1] Plaintiff currently resides in the El Dorado Correctional Facility.

"breathing and chest pains." (Complaint, Doc. 1, p. 6).

Plaintiff was placed in a wheel chair and escorted by guards to a medical room where nurse Tompkins examined plaintiff and determined he was suffering from an anxiety attack. Plaintiff alleges that, on the trip back to his cell, defendant Foss caused plaintiff to fall out of the wheel chair. With the assistance of defendant Perry, Foss then beat, choked and "pepper sprayed" plaintiff. (Complaint, Doc. 1, pp. 7-8). Plaintiff also contends that the other defendants failed to conduct a proper investigation and punish Foss and Perry. Defendants concede that force was used to subdue plaintiff while he was being transported back to his cell but otherwise dispute plaintiff's recitation of the facts.

## Motion to Compel and for Sanctions

The motion before the court concerns the belated production of certain photographs. On October 4, 2005, the court ordered defendants to the produce photographs of plaintiff taken immediately after the incident, "if not already produced." (Doc. 95, filed October 4, 20005). Defense counsel conferred with officials from the Kansas Department of Corrections (KDOC) and was assured that all photographs had been produced in the Martinez Report which had been provided to plaintiff. Based on representations by the KDOC, defendants notified the court that all photographs had previously been produced.

On June 21, 2006, plaintiff again moved to compel the production of photographs. (125). The motion explained that the photographs produced in the Martinez Report were taken in his segregation cell and that plaintiff was seeking the photographs taken *in the clinic*

immediately after the incident.  Based upon this new information, defendants re-contacted officials responsible for the <u>Martinez</u> report and, after an additional search and review, the clinic pictures were located and produced. (<u>Supplement to Martinez Report</u>, Doc. 130 and <u>Certificate of Service</u>, Doc. 131).  Because the clinic photographs have now been produced, the motion to compel production is **MOOT.**  Although production of the photographs has been resolved, the issue of sanctions remains.

Under Fed. R. Civ. P. 37(a)(4)(A), if the requested information is provided after a party moves to compel, the court shall order the payment of reasonable expenses incurred in making the motion unless the court finds (1) the moving party failed to make a good faith effort to obtain the disclosure without court action, (2) the opposing party's nondisclosure was substantially justified, or (3) that other circumstances make an award of expenses unjust.  After considering the totality of the circumstances, the court finds that the circumstances make an award of expenses unjust.

Defense counsel made reasonable inquiries concerning the existence of photographs and was assured that all photographs had been provided.  However, through a series of misunderstandings and an incomplete investigative file, eight photographs were inadvertently left out of the original <u>Martinez</u> Report.[2]  Defendants should not be sanctioned for filing errors by KDOC employees.  Moreover, plaintiff should have promptly questioned the completeness of defendants' production in October 2005 when defense counsel reported that

---

[2] Part of the confusion occurred when plaintiff was transferred from the Hutchinson Correctional Facility to the El Dorado Correctional Facility.

-3-

all photographs had been produced.  The additional information provided in plaintiff's most recent motion assisted defense counsel in locating the missing pictures.  Under the circumstances, an award of sanctions is inappropriate.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel is **MOOT** and his request for sanctions **(Doc. 125)** is **DENIED.**

Dated at Wichita, Kansas this 26th day of July 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge